IN THE UNTED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO.1:19CR10012-001 |
| | ) | |
| JYRONURUS LEE MCCLAIN | ) | |

## MOTION OF UNITED STATES TO COMPEL THE PRODUCTION OF VOICE EXEMPLARS

Comes now the United States of America, by and through David Clay Fowlkes, Acting United States Attorney for the Western District of Arkansas, and for its Motion to Compel the Production of Voice Exemplars by the defendant, states:

1. The Government intends at trial to offer evidence of recorded calls between the defendant and the confidential informant that preceded and set up the controlled purchases that took place on video.

2. That evidence takes on new-found importance in the trial of this matter as the defendant has indicated that he will pursue a defense of entrapment. The conversations organizing and negotiating the purchase of the methamphetamine are critical to the jury's analysis of the case given that defense.

3. Similarly, the issue of *who* participated in the recorded calls preceding both controlled buys, and the identity of the individual who actually distributed the narcotics in the June 28th, 2017 purchase are in controversy.

4. After conferring with counsel for the defendant prior to filing this motion, the defense is unable to stipulate that the defendant participated in the recorded calls or the June 28th, 2017 controlled purchase.

1

5. A voice exemplar from the defendant constitutes physical evidence which would assist the Government in identifying the defendant's voice on the recorded conversations.

6. Upon motion by the government, the court may require the defendant to provide relevant physical evidence including voice and handwriting exemplars prior to trial. *United States v. Franks*, 511 F.2d 25 (6th Cir. 1975) (holding that the trial court's order compelling the defendants to provide voice exemplars after arrest and prior to trial was proper and does not violate the defendant's constitutional rights, citing *United States v. Dionisio*, 410 U.S. 1, 93 S.Ct. 764, 35 L.Ed.2d 67 (1973)); *United States v. Lincoln*, 494 F.2d 833 (9th Cir. 1974) (compulsion of handwriting exemplar less than one week prior to scheduled beginning of trial was proper); *United States v. Leone*, 823 F.2d 246, (8th Cir. 1987) (proper for court to require the defendant at trial to utter the same phrases as those on tape of drug transaction for purposes of voice comparison by jury).

7. The defendant should be required to produce a voice exemplar for use at trial.

## CONCLUSION

Wherefore the United States respectfully moves this Court to enter an order compelling the defendant to provide voice exemplars to the United States at a designated time and place and in the manner as directed. Specifically the United States would seek to require the defendant to utter the same phrases as those uttered by the participants in the recorded calls and the June 28, 2017, controlled purchase of methamphetamine charged in this case.

Respectfully submitted,

David Clay Fowlkes
Acting United States Attorney

By: */s/ Graham Jones*
Graham Jones
Assistant U.S. Attorney
Arkansas Bar No. 2005183
500 N. Stateline Ave, Ste. 402
Texarkana, AR 71854
(903) 794-9481

## **CERTIFICATE OF SERVICE**

I, Graham Jones, Assistant U. S. Attorney for the Western District of Arkansas, hereby certify that on June 23, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing and that a copy of the foregoing was also sent to the following:

Floyd Mattison Thomas, III, attorney for the defendant, Jyronurus Lee McClain

*/s/ Graham Jones*
Assistant U.S. Attorney