**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**EL DORADO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO.1:19CR10012-001** |
| | ) | |
| **JYRONURUS LEE MCCLAIN** | ) | |

**BRIEF IN SUPPORT OF MOTION BY UNITED STATES TO COMPEL THE**
**PRODUCTION OF VOICE EXEMPLARS**

Comes now the United States of America, by and through David Clay Fowlkes, Acting United States Attorney for the Western District of Arkansas, and for its Brief in Support of Motion to Compel the production of Voice Exemplar by the defendant, states:

The Government intends at trial to offer evidence of recorded conversations between the defendant and the confidential informant.   While the Government has other circumstantial evidence which links the defendant to the recorded conversations, a voice exemplar would provide additional evidence to identify the defendant's voice on the recorded conversations.  The identity of the participant in the recorded conversations is of critical importance in this trial as the defendant has indicated that he will pursue a defense of entrapment.  The conversations organizing and negotiating the purchase of the methamphetamine are critical to the jury's analysis of the case given that defense.

In *United States v. Dionisio*, 410 U.S. 1, 93 S.Ct. 764, 35 L.Ed.2d 67 (1973) the Supreme Court held that compelling a person to provide a voice exemplar for evidentiary purposes is proper and does not violate the person's rights under the Fifth Amendment.  Following *Dionisio*, the Sixth Circuit in *United States v. Franks*, 511 F.2d 25 (6th Cir. 1975) held that the trial court's order compelling the defendants to provide voice exemplars after arrest and prior to trial was proper and

does not violate the defendant's constitutional rights.  Similarly, in *United States v. Lincoln*, 494 F.2d 833 (9th Cir. 1974) the court held that compulsion of handwriting exemplar less than one week prior to scheduled beginning of trial was proper.  In *United States v. Leone*, 823 F.2d 246, (8th Cir. 1987) the Eighth Circuit held that it was proper for the trial court to require the defendant at trial to utter the same phrases as those on tape of drug transaction for purposes of voice comparison by jury.  In *United States v. Fine*, 413 F.Supp. 740 (W.D. Wisc. 1976), the court granted the government's pretrial motion to compel voice exemplars by the defendant.

As in the cases cited above, the defendant in this case has no constitutional privilege against providing voice exemplars.  Moreover such a voice exemplar constitutes evidence which is relevant to the offenses for which the defendant is charged in this case, especially in light of his defense that he was entrapped into committing the offense.  Accordingly the defendant should be required to provide voice exemplars for use at trial for comparison with the recorded calls.

Respectfully submitted,

David Clay Fowlkes
Acting United States Attorney

By:   */s/ Graham Jones*

Graham Jones
Assistant U.S. Attorney
Arkansas Bar No. 2005183
500 N. Stateline Ave, Ste. 402
Texarkana, AR  71854
(903) 794-9481

## CERTIFICATE OF SERVICE

I, Graham Jones, Assistant U. S. Attorney for the Western District of Arkansas, hereby certify that on June 23, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing and that a copy of the foregoing was also sent to the following:

Floyd Mattison Thomas, III, attorney for the defendant, Jyronurus Lee McClain

*/s/ Graham Jones*
Assistant U.S. Attorney