### IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF ARKANSAS
### EL DORADO DIVISION

**UNITES STATES OF AMERICA**

vs.                                                                                      **NO: 1:19-CR-10012**

**JYRONURUS MCCLAIN**

_____    _____

**RESPONSE TO THE MOTION FOR VOICE EXEMPLARS**
_____

Comes now defendant, Jyronurus McClain, by and through his attorney of record, F. Mattison Thomas, III, and for this Response to the Motion the United States Compelled for the Production of Voice Exemplars, does hereby state and allege the following:

1. The defendant is without sufficient information to admit or deny the allegations in paragraph one. The Government has not divulged its trial strategy therefore the defense is unable to admit or deny.

2. The defendant denies the allegations in paragraph two.

3. The defendant denies the allegations in paragraph three; such evidence can be and should be properly presented through the confidential informant.

4. The defendant admits the allegations in paragraph four; the Government has the responsibility to prove each and every element in this case beyond reasonable doubt without violating the protections of a defendant against self incrimination listed in the Fifth Amendment.

5. Such a statement is overly broad, such phrases such independent individual phrases can be physical evidence when comparing the tone of the voice,

however to require such pre-scripted broad statements would be the creation of evidence and not physical evidence for the purpose of comparing the voices.

6. The Government over overly broad the principles listed in the case therein. It is proper for a defendant at trial to utter some phrases for the purposes of the jury determining the tone and cadence of the voice but to reread the exact phrases in the telephone conversation would be the creation of physical evidence as well as the creation of practical evidence of a communicative type, therefore the Government in this instance should not be allowed to compel.  Further, under the Fourth Amendment analysis such action would be an unreasonable search and seizure in the creation of evidence for the purposes of trial therefore violating both the Fourth and Fifth Amendment.  In the case of the *United States v. Leon, 823 F.2d 246* should be narrowly read and tailored and a voice exemplar for the use of trial should not be allowed to be created.  The Leon case stands for the principle that the defendant could be compelled to say such neutral phrases for which the jury could determine if the voice on the recording of that of the defendant, however the creation of such an exemplar this close to trial would be a violation of the defendants rights once it is weighed against his Fourth and Fifth Amendment protections.

7. The Government is in possession of hours of recorded jail phone calls with the defendants; voice clearly identifiable and recognizable.  This should give ample examples of voice exemplars for the jury to use as a comparison against the voice in the videos.

/s/ F. Mattison Thomas, III
_____
F. MATTISON THOMAS, III
Attorney at Law
103 East Main, Suite D
El Dorado, AR  71730
Telephone:   870-881-8468
Facsimile:   870-881-8416
Arkansas Bar No. 2002-007

CERTIFICATE OF SERVICE

    I, F. Mattison Thomas, III, certify that on the 30th day of June, 2021, I served via electronic mail and U.S. Postal Service a true and correct copy of the above and foregoing pleading, postage prepaid, to:

Graham Jones
Assistant United States Attorney
500 N. Stateline Avenue
Suite 402
Texarkana, AR  71854.
graham.jones@usdoj.gov

/s/ F. Mattison Thomas, III
_____
F. Mattison Thomas, III