IN THE UNITED STATES DISTRICT COURT
WESTSERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                               Case No. 1:19-cr-10012

JYRONURUS LEE MCCLAIN                                                      DEFENDANT

# ORDER

Before the Court is the Government's Motion to Compel the Production of Voice Exemplars. ECF No. 59. Defendant has filed a response to the motion. ECF No. 66. The Court finds this matter ripe for consideration.

The government intends to offer certain recorded conversations as evidence at trial. The government asserts that these recorded conversations are between Defendant and a "confidential informant that preceded and set up the controlled purchases that took place on video." ECF No. 59, ¶ 1. The government requests an order compelling Defendant to furnish voice exemplars to assist in identifying Defendant's voice on these recorded conversations. In response to the motion, Defendant appears to acknowledge that a court may compel the production of voice exemplars in certain cases to measure and compare the physical properties of a defendant's voice. However, Defendant argues that he should not be compelled to "reread the exact phrases in the telephone conversation" and that compelling voice exemplars is unnecessary in this case because the government can use Defendant's recorded jail phone calls as voice exemplars. ECF No. 66, ¶¶ 6-7.

The Supreme Court has held that compelled production of voice exemplars does not violate the Fifth Amendment so long as the voice recordings are being used to "measure the physical properties of the witnesses' voices" and not for "the testimonial or communicative content of what

was to be said." *United States v. Dionisio*, 410 U.S. 1, 7, 93 S. Ct. 764, 768, 35 L. Ed. 2d 67 (1973).  The Supreme Court has also held that, because there is no expectation of privacy in the sound of one's voice, the production of voice exemplars is not a seizure under Fourth Amendment. *Id.* at 14.  Accordingly, courts within the Eighth Circuit have ordered defendants to voice phrases to be compared to other audio recordings.  *United States v. Leone*, 823 F.2d 246, 251 (8th Cir. 1987); *United States v. Sanchez*, 413 No. 44:10-cr-00107-JAJ-RAW, 2011 WL 13199364 (S.D. Iowa Apr. 22, 2011).  In some cases, courts have deemed it appropriate to have a defendant submit an exemplar by reading phrases taken from the transcript of the original audio recording being offered into evidence.  *Leone*, at 250; *United States v. Delaplane*, 778 F.2d 570, 575 (10th Cir. 1985).

Upon consideration, the Court finds that the Government's motion (ECF No. 59) should be and hereby is **GRANTED**.  Defendant shall provide voice exemplars to the government with defense counsel present.  Counsel shall work together to schedule the production of voice exemplars prior to trial.  The exemplars may be based on a reading of innocuous material as well as the reading of certain portions of the transcript of the audio recording that the Government will seek to offer into evidence at trial.  Before the exemplars are offered to the jury, the Court will consider whether there are any phrases being offered that may be overly prejudicial to Defendant.

**IT IS SO ORDERED**, this 2nd day of July, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge