IN THE UNITED STATES DISTRICT COURT
WESTSERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                         Case No. 1:19-cr-10012

JYRONURUS LEE MCCLAIN                                                 DEFENDANT

**ORDER**

Before the Court is the Government's Motion to Compel Photographs. ECF No. 62. Defendant has filed a response to the motion. ECF No. 67. The Court finds this matter ripe for consideration.

The Government intends to offer certain video recordings as evidence at trial. The Government alleges that some of these recordings show a confidential informant meeting with and purchasing methamphetamine from Defendant. ECF No. 62, ¶ 3. According to the Government, the video recordings reveal that the man from whom the informant made the purchase has a "large and distinctive" tattoo on his left arm. ECF No. 62, ¶ 3. The Government requests an order compelling Defendant to submit to the taking of photographs of his left arm for use at trial to assist the jury in identifying whether the man shown in the video is Defendant. In response to the motion, Defendant argues that requiring Defendant to submit to a photograph to be taken outside of court would create evidence that is precluded by the Fourth and Fifth Amendments.

The Fifth Amendment "protects a person only against being incriminated by his own compelled, testimonial communications." *Fisher v. United States*, 425 U.S. 391, 409 (1976); *see also Schmerber v. California*, 384 U.S. 757, 760-65 (1966) (extraction of blood samples was neither testimonial nor a communicative act implicating the right against self-incrimination). It offers no protection "from the compelled production of physical evidence such as fingerprints,

photographs, measurements, writing or speaking for identification, appearing in court, standing, walking, or making a particular gesture." *United States v. Montgomery*, 100 F.3d 1404, 1406 (8th Cir. 1996). In the instant case, Defendant's tattoo is an identifying physical feature, like a handwriting or voice sample, fingerprint, or measurement. Accordingly, as long as evidence of Defendant's tattoo is being used for identification purposes, the Court finds that the evidence falls outside the scope of the Fifth Amendment's privilege of compulsory self-incrimination. *See United States v. Dionisio*, 410 U.S. 1, 6 (1973) ("It has been long held that the compelled display of identifiable physical characteristic infringes no interest protected by the privilege against compulsory self-incrimination."); *United States v. Velasquez*, 881 F.3d 314, 337-38 (5th Cir. 2018) ("If a tattoo is simply relied upon to identify a defendant, then the Fifth Amendment privilege against self-incrimination is not offended.").

The Fourth Amendment guarantees that all people shall be "secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "[T]he obtaining of physical evidence from a person involves a potential Fourth Amendment violation," however "the Fourth Amendment provides no protection for what 'a person knowingly exposes to the public, even in his own home or office.'" *Dionisio*, 410 U.S at 8, 14 (quoting *Katz v. United States*, 389 U.S.347, 351 (1967)). "Courts applying this principle have suggested that the protection of the fourth amendment may be wholly denied to voices, faces, and fingerprints." *Pace v. City of Des Moines*, 201 F.3d 1050, 1053 (8th Cir. 2000). However, Eighth Circuit caselaw does not support a generalized rule that Fourth Amendment protections do not apply to body parts that are often but not always visible to the public, such as one's arm. Thus, the Court will consider the balancing factors set out in *Bell v. Wollfish*, 441 U.S. 520 (1979). "Under *Bell*, courts must consider (1) the justification for initiating the search, (2) the scope of the particular intrusion, (3)

the place in which the search is conducted, and (4) the manner in which it is conducted." *Schmidt v. City of Bella Villa*, 557 F.3d 564, 572 (8th Cir. 2009) (citing *Bell*, 441 U.S. at 559). "These factors are used to balance the need for a particular search with the rights of the individual being searched." *Id.*

In the instant case, the Government seeks a photograph of the tattoo on Defendant's left arm for identification purposes at trial. The intrusion in this case would be minimal, as photographing his arm would at most require Defendant to lift his sleeve or remove his arm from his shirt. Defendant would be no more exposed than necessary to permit photographing of the tattoo. The photographing of Defendant's tattoo would be done in private by one male law enforcement officer. Thus, the Court finds that requiring Defendant to submit to a non-intrusive photograph of his left arm for use at trial as identification evidence is reasonable and does not violate Defendant's Fourth Amendment rights.

Accordingly, the Court finds that the Government's motion (ECF No. 62) should be and hereby is **GRANTED**. The Court will allow the Government to obtain photographs of Defendant's left arm in accordance with the procedures outlined in the instant motion. ECF No. 62, ¶10. These photographs shall be taken prior to the commencement of the trial in this matter. This order should not be interpreted as a ruling on the admissibility of the photographs as evidence at trial.

**IT IS SO ORDERED**, this 6th day of July, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge